HOPKINS & SCHAFKOPF, LLC
GARY SCHAFKOPF, ESQ., NJ ID: 01224-2000, Gary@SchafLaw.com, Ext. 104
11 Bala Avenue
Bala Cynwyd, PA 19004
610-664-5200
Fax: 888-283-1334
Attorneys for Defendants Qureshi and Amer

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| IN RE:<br>AMER A. QURESHI, Debtor: | Case No. 14-35109-JNP/TDB<br>Chapter 13 |
| KASHIF RAHMAN,<br>    Plaintiff,<br>v.<br><br>AMER A. QURESHI,<br>MENAHIL AMER, and<br>DISCOVER BANK,<br>    Defendants. | A.P. No. 15-01166-JNP/TBD<br><br>HON. JERROLD N. POSLUSNY, JR.<br><br>August 11, 2015 at 2:00 p.m.<br><br>**JOINDER MOTION OF**<br>**AMER A. QURESHI AND**<br>**MENAHIL AMER**<br>**TO DISMISS COMPLAINT** |

Defendants, Amer Qureshi and Menahil Amer ("Defendants" collectively) by and through their undersigned counsel, hereby join in Defendant Discover Bank's ("Discover") Motion to filed on July 17, 2015 at Docket No. 19 with this Court for the entry of an order pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable to this Court pursuant to Federal Rule of Bankruptcy 12.

For the reasons stated in Discover's Motion, and set forth in Defendants' Brief, Defendants join Discover and move this Court to dismiss with prejudice the adversary proceeding (the "Amended Complaint") in its entirety of Plaintiff, Kashif Rahman ("Plaintiff") based upon, *inter alia,* Plaintiff's Lack of Standing, Lack of Subject Matter Jurisdiction, and

Judicial Estoppel, as more fully set forth in the accompanying Brief in Support filed contemporaneously herewith.

WHEREFORE, for all the reasons set forth in the Brief in Support, Defendants respectfully requests that this Court enter an order, substantially in the form attached hereto, dismissing all counts of the Complaint, with prejudice, and granting Defendants such additional and further relief as the Court may deem just and proper.

HOPKINS & SCHAFKOPF, LLC

DATED: 8-4-15

BY: _____
GARY SCHAFKOPF, ESQ. NJ ID: 01224-2000
Attorney for Debtor/Defendant Amer Qureshi
and Defendant Menahil Amer

HOPKINS & SCHAFKOPF, LLC
GARY SCHAFKOPF, ESQ., NJ ID: 01224-2000, Gary@SchafLaw.com, Ext. 104
11 Bala Avenue
Bala Cynwyd, PA 19004
610-664-5200
Fax: 888-283-1334
Attorneys for Defendants Qureshi and Amer

### IN THE UNITED STATES BANKRUPCTY COURT
### FOR THE DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| IN RE: <br> AMER A. QURESHI, Debtor: | Case No. 14-35109-JNP/TDB <br> Chapter 13 |
| KASHIF RAHMAN, <br>     Plaintiff, <br> v. | A.P. No. 15-01166-JNP/TBD <br><br> HON. JERROLD N. POSLUSNY, JR. |
| AMER A. QURESHI, <br> MENAHIL AMER, and <br> DISCOVER BANK, <br>     Defendants. | August 11, 2015 at 2:00 p.m. <br><br> **JOINDER MOTION OF** <br> **AMER A. QURESHI AND** <br> **MENAHIL AMER** <br> **TO DISMISS COMPLAINT** |

===============================================================

**BRIEF IN SUPPORT OF AMER A. QURESHI AND MENAHIL AMER'S JOINDER IN DISCOVER BANK'S MOTION TO DISMISS COMPLAINT**

===============================================================

## TABLE OF CONTENTS

Table of authorities .................................................................................................... 1
NATURE AND STAGE OF PROCEEDINGS ........................................................ 1
SUMMARY OF ARGUMENT ................................................................................. 1
STATEMENT OF FACTS ........................................................................................ 1
ARGUMENT ............................................................................................................. 1

    II.    Plaintiff lacks standing to assert causes of action against Defendants Amer Qureshi and Menahil Amer in this Adversary Proceeding as Plaintiff has failed to present a sufficient Proof of Claim because Plaintiff has failed to meet the standard set by the Bankruptcy Rules. 1

    III.    This Court does not have subject matter jurisdiction over this Adversary Proceeding. 1

A.    Plaintiff's claim against Defendants is based on New Jersey State Law and was filed Pre-Petition in State Court .............................................................................................. 2

B.    Plaintiff does not present a Federal Questions as required by 28 U.S.C. § 1331 and fails to invoke Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1334 ................................. 2

    i.    Plaintiff failed to state a claim under 11. U.S.C. § 523(a)(2)(A). ............................ 2

C.    Plaintiff's claims against Debtor and Ms. Amer are not related to Debtors Chapter 13 bankruptcy claim ........................................................................................................... 4

D.    Plaintiff claims against Debtor are barred by the doctrine of Judicial Estoppel .............. 4

CONCLUSION .......................................................................................................... 4
CERTIFICATE OF SERVICE .................................................................................. 6

## TABLE OF AUTHORITIES

Defendants, Amer A. Qureshi ("Debtor") and Menahil Amer ("Ms. Amer") hereby incorporate the nature and stage of proceedings contained in Defendant, Discover Bank's ("Discover") Motion as if set forth at length herein.

## NATURE AND STAGE OF PROCEEDINGS

Defendants hereby incorporate the nature and stage of proceedings contained in Defendant, Discover's Motion as if set forth at length herein.

## SUMMARY OF ARGUMENT

Defendants join in Defendant Discover's Motion to Dismiss Plaintiff's Complaint. Defendants join in Discover's motion to dismiss all Counts of the Amended Complaint. Defendants hereby incorporate the arguments contained in Defendant, Discover Bank's Motion as if set forth at length herein. More specifically, Defendants join in Discover's Motion to Dismiss in following sections:

Number II.

Number III. Section A

Number III. Section B

Number III. Section C

## STATEMENT OF FACTS

Defendants hereby incorporate the facts contained in Discover Bank's Motion as if set forth at length herein.

## ARGUMENT

**II.  Plaintiff lacks standing to assert causes of action against Defendants Amer Qureshi and Menahil Amer in this Adversary Proceeding as Plaintiff has failed to present a sufficient Proof of Claim because Plaintiff has failed to meet the standard set by the Bankruptcy Rules.**

In joining Discover's supporting authorities and rationale under this section of its Motion, Plaintiff has circumvented the Proof of Claim as mandated by the Bankruptcy rules. Plaintiff failed to file an itemized statement of interest, fees, expenses or charges in his Proof of Claim as mandated by the Bankruptcy Rules[1]. Furthermore, Plaintiff failed to include itemized statement in the Proof of Claim simply because there are none to include—because they have not accrued yet, which is contrary to the standard enumerated in the Bankruptcy Rules. Plaintiff filed his Proof of Claim and attached the Adversary Proceedings as the basis for his pre-petition claim against Debtor[2].

As such Debtor and Ms. Amer join in Discover's Motion and respectfully request that this Court enter an Order dismissing with prejudice all claims against Debtor and Ms. Amer precluding Plaintiff from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding, and awarding Debtor and Ms. Amer reasonable expenses and attorney's fees caused by the Plaintiff's unjustified failures pursuant to Fed. R. Bankr. P. 3001(2)(D)(i)-(ii).

**III.  This Court does not have subject matter jurisdiction over this Adversary Proceeding.**

In joining Discover's supporting authorities and rationale under this section of its Motion, this Court does not have subject matter jurisdiction over this Adversary Proceeding.

---

[1] See Discover Bank's Motion to Dismiss Page 13.
[2] See Discover Bank's Motion to Dismiss Page 14.

1

### A. Plaintiff's claim against Defendants is based on New Jersey State Law and was filed Pre-Petition in State Court.

Defendants hereby incorporate the section III. A. contained in Discover Bank's Motion as if set forth at length herein[3].

As such Debtor and Ms. Amer join in Discover's Motion and respectfully request that this Court enter an Order dismissing with prejudice all claims against Debtor and Ms. Amer precluding Plaintiff from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding, and awarding Debtor and Ms. Amer reasonable expenses and attorney's fees caused by the Plaintiff's unjustified failures pursuant to Fed. R. Bankr. P. 3001(2)(D)(i)-(ii).

### B. Plaintiff does not present a Federal Questions as required by 28 U.S.C. § 1331 and fails to invoke Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1334.

In joining Discover's supporting authorities and rationale under this section of its Motion[4], this Court does not have subject matter jurisdiction over this Adversary Proceeding[5] because, as is the application to Discover, the same applies to Debtor and Ms. Amer. "Plaintiff's state law causes of action do not depend on federal law, the Federal Bankruptcy Code or this case."[6]

#### i. Plaintiff failed to state a claim under 11. U.S.C. § 523(a)(2)(A).

Pursuant to 11 U.S.C. § 523 (a)(2)(A), any debt is exempted for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false

---

[3] See Discover Bank's Motion to Dismiss Page 15.
[4] See Discover Bank's Motion to Dismiss Page 15.
[5] See Discover Bank's Motion to Dismiss Page 15.
[6] See Discover Bank's Motion to Dismiss Page 19.

2

pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." *In re Bohn*, No. 13-35854 (RG), 2015 WL 2415412, at *5 (Bankr. D.N.J. May 19, 2015) (citing 11 U.S.C. § 523 (a)(2)(A)). "The plaintiff seeking to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A) must plead and prove [that]:

    1. the debtor obtained money, property or services through a material misrepresentation;

    2. the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth;

    3. the debtor intended to deceive the creditor;

    4. the creditor [justifiably] relied on the debtor's false representations; and

    5. the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations.

*In re Bohn* at *5.

In the instant case, Plaintiff fails to establish any of these elements. However, Defendants will focus on the first. The Debtor in this case, Amer A. Qureshi has not obtained any money, property, or services let alone through a material misrepresentation as required by this statute. The loans at issue were for the benefit of his daughter, Ms. Amer for her educational expenses. Even if Plaintiff set forth an argument with merit, Debtor Qureshi is not even a party to the contract that existed between Plaintiff and Ms. Amer. For that reason, Plaintiff's claim has no place in this Court.

As is the case with Discover, Debtor and Ms. Amer, Plaintiff's "causes of action asserted in the Amended Complaint [were] not created under the Bankruptcy Code." [7] As is the case with Discover, the same applies to Debtor and Ms. Amer neither of Plaintiff's claims being "arise[]

---

[7] See Discover's Motion to Dismiss Page 19.

under" nor "arise[] in" the jurisdiction of this Court. Furthermore, "Plaintiff's claims are not 'related to' Debtor's bankruptcy case. Furthermore, Plaintiff has failed to state a claim under 11 U.S.C. § 523 (a)(2)(A). Therefore, it is respectfully requested that this Court dismiss Plaintiff's Complaint.

### C. Plaintiff's claims against Debtor and Ms. Amer are not related to Debtors Chapter 13 bankruptcy claim.

In joining Discover's supporting authorities and rationale under this section of its Motion,[8] the argument set forth by Discover when it argues that this Adversary Proceeding brought forth by Plaintiff is not a "core proceeding" as defined by 28 U.S.C. §157(b) because "it does not invoke a substantive right provided by title 11" nor did it "arise in the context of a bankruptcy case." As is the case with Discover, Plaintiff's claims against Defendants "fail to meet 'related to' jurisdiction and thus are non-core."

As such Debtor and Ms. Amer join in Discover's Motion and respectfully request that this Court enter an Order dismissing with prejudice all claims against Debtor and Ms. Amer precluding Plaintiff from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding, and awarding Debtor and Ms. Amer reasonable expenses and attorney's fees caused by the Plaintiff's unjustified failures pursuant to Fed. R. Bankr. P. 3001(2)(D)(i)-(ii).

### D. Plaintiff claims against Debtor are barred by the doctrine of Judicial Estoppel

Debtor filed for

### CONCLUSION

For those foregoing reasons, Debtor and Ms. Amer join in Discover's Motion and respectfully request that this Court enter an Order dismissing with prejudice all claims against

---

[8] See Discover's Motion to Dismiss Page 22.

4

Debtor and Ms. Amer precluding Plaintiff from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding, and awarding Debtor and Ms. Amer reasonable expenses and attorney's fees caused by the Plaintiff's unjustified failures pursuant to Fed. R. Bankr. P. 3001(2)(D)(i)-(ii).

Respectfully submitted,
HOPKINS & SCHAFKOPF, LLC

DATED: 8-4-15

BY: _____
GARY SCHAFKOPF, ESQ. NJ ID: 01224-2000

HOPKINS & SCHAFKOPF, LLC
GARY SCHAFKOPF, ESQ., NJ ID: 01224-2000, Gary@SchafLaw.com, Ext. 104
11 Bala Avenue
Bala Cynwyd, PA 19004
610-664-5200
Fax: 888-283-1334
Attorneys for Defendants Qureshi and Amer

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| IN RE:<br>AMER A. QURESHI, Debtor: | Case No. 14-35109-JNP/TDB<br>Chapter 13 |
| KASHIF RAHMAN,<br>　　　　Plaintiff,<br>v.<br>AMER A. QURESHI,<br>MENAHIL AMER, and<br>DISCOVER BANK,<br>　　　　Defendants. | A.P. No. 15-01166-JNP/TBD<br>HON. JERROLD N. POSLUSNY, JR.<br>August 11, 2015 at 2:00 p.m.<br>**JOINDER MOTION OF<br>AMER A. QURESHI AND<br>MENAHIL AMER<br>TO DISMISS COMPLAINT** |

## CERTIFICATE OF SERVICE

I, Gary Schafkopf, hereby certify that on August 4, 2015, a true and correct copy of Defendants Answer to Plaintiff's Complaint was served via ECF and First Class mail upon the following:

Counsel for Plaintiff, Jonathan R. Miller, Esq.
1310 River Road, Titusville, NJ 08560

Counsel for Discover Bank, Thomas D. Walsh, Esq.
1007 North Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899-8888

　　　　　　　　　　　　　　　　　HOPKINS & SCHAFKOPF, LLC

　　　　　　　　　　　　　　　　　BY: _/s/ Gary Schafkopf_
　　　　　　　　　　　　　　　　　GARY SCHAFKOPF, ESQ, NJ ID: 01224-2000

6

HOPKINS & SCHAFKOPF, LLC
GARY SCHAFKOPF, ESQ., NJ ID: 01224-2000, Gary@SchafLaw.com, Ext. 104
11 Bala Avenue
Bala Cynwyd, PA 19004
610-664-5200
Fax: 888-283-1334
Attorneys for Defendants Qureshi and Amer

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| IN RE: <br> AMER A. QURESHI, Debtor: | Case No. 14-35109-JNP/TDB <br> Chapter 13 |
| KASHIF RAHMAN, <br> Plaintiff, <br> v. <br> AMER A. QURESHI, <br> MENAHIL AMER, and <br> DISCOVER BANK, <br> Defendants. | A.P. No. 15-01166-JNP/TBD <br><br> HON. JERROLD N. POSLUSNY, JR. <br><br> August 11, 2015 at 2:00 p.m. <br><br> **JOINDER MOTION OF** <br> **AMER A. QURESHI AND** <br> **MENAHIL AMER** <br> **TO DISMISS COMPLAINT** |

### ORDER

Upon the Motion of Defendants Amer A. Qureshi and Menahil to Dismiss the Complaint for Plaintiff's Lack of Standing, Lack of Subject Matter Jurisdiction, and Equitable Grounds Stated therein; and it appearing that the Court has jurisdiction over the Defendants' Motion; and it appearing that notice of the Motion to Dismiss as set forth therein is sufficient; and that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion to Dismiss is granted as set forth herein; and it is further

ORDERED that Defendants Amer A. Qureshi and Menahil Amer shall be, and are hereby, dismissed with prejudice e from Adversary Proceeding No. 15-01166; and it is further

ORDERED that this Court shall, and hereby does, retain exclusive jurisdiction with respect enforcement and implementation of dismissal under this Order.

DATED: _____

                                                    Honorable Judge Jerrold N. Poslusny, Jr.
                                                    United States Bankruptcy Judge