NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------X

In Re:

AMER A. QURESHI,

       Debtor.

-------------------------------------------------------X

KASHIF RAHMAN,

       Plaintiff.

v.

AMER A. QURESHI, MENAHIL AMER,
and DISCOVER BANK,

       Defendants.

-------------------------------------------------------X

| | |
|---|---|
| FILED | |
| JAMES J. WALDRON, CLERK | |
| September 8, 2015 | |
| U.S. BANKRUPTCY COURT CAMDEN, N.J. BY: /s/ Christopher Fowler, Deputy | |

CHAPTER 13

CASE NO. 14-35109(JNP)

ADV. PRO. NO. 15-01166

### OPINION

**APPEARANCES:**

Jonathan R. Miller, Esq.
The Law Firm of Jonathan R. Miller
1310 River Road
Titusville, NJ 08560
*Attorney for Kashif Rahman*

Thomas D. Walsh, Esq.
Marshall Dennehey Warner Coleman & Goggin
1007 N. Orange Street, Suite 600
Wilmington, DE 19801

-and-

Kevin T. Bright, Esq.
Marshall Dennehey Warner Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
*Attorneys for Discover Bank*

Gary Schafkopf, Esq.
Hopkins & Schafkopf, LLC
11 Bala Avenue
Bala Cynwyd, PA 19004
*Attorneys for Amer A. Qureshi and Menahil Amer*


**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

## INTRODUCTION

This matter is before the Court upon Discover Bank's motion (the "Motion") to dismiss the amended adversary complaint (the "Complaint") filed by Kashif Rahman. Amer A. Qureshi and Menahil Amer have filed a joinder (the "Joinder") to the Motion. The Motion and Joinder argue that the Court lacks subject matter jurisdiction. For the reasons set forth below, the Motion is granted, and the Joinder is granted in part and denied in part.

## FACTUAL BACKGROUND

Kashif Rahman (the "Plaintiff") alleges the following facts in the Complaint. In September 2009, Amer A. Qureshi (the "Debtor") solicited the Plaintiff to co-sign a student loan ("Loan 1") for the Debtor's daughter, Menahil Amer ("Ms. Amer"). The Debtor averred that he could not co-sign Loan 1 because of his poor credit, and that unless the Plaintiff became co-signer on the loan, Ms. Amer would not be able to pay for college. The Plaintiff agreed to co-sign the loan based on the Debtor's representation that the total loan amount would not exceed $19,000, and that the Debtor would make monthly payments while Ms. Amer was in college. Loan 1 was approved and funded by Citibank in September 2009, with a principal amount of $15,000.

In November 2009, the Debtor informed the Plaintiff that Loan 1 had not been processed and that the loan application would have to be re-submitted. Based on this information, the Plaintiff co-signed the application for a second loan ("Loan 2"). Loan 2 was approved by Citibank in December 2009, with a principal amount of $19,410. Subsequently, Citibank conveyed both Loan 1 and Loan 2 to Discover Bank ("Discover").

At no time prior to applying for Loan 2 did the Debtor, Ms. Amer or Citibank disclose that Loan 1 had been approved and funded. Furthermore, neither the Debtor nor Ms. Amer paid down the loans while Ms. Amer was in college. As of February 2015, the unpaid balance of Loan 1 was $8,129.37 with an interest rate of 10.75%, and the unpaid balance of Loan 2 was $35,983.69 with an interest rate of 9.75%.

## RELEVANT PROCEDURAL BACKGROUND

On April 12, 2015, the Plaintiff filed the Complaint[1], naming Discover, the Debtor, and Ms. Amer as defendants.

Count One of the Complaint asserts "fraudulent inducement". The Plaintiff claims that the Debtor made misrepresentations to the Plaintiff, with the intention that the Plaintiff rely on said misrepresentations in agreeing to be co-signer on Loan 1 and Loan 2. The Plaintiff further alleges that the Debtor's actions were willful and malicious, and that since the Debtor and the Plaintiff were friends for more than a decade, the Plaintiff reasonably and detrimentally relied on the Debtor's misrepresentations. The Plaintiff also asserts that Citibank wrongfully failed to notify the Plaintiff that Loan 1 was approved. The injuries claimed by the Plaintiff include a damaged credit rating, reduced borrowing ability, and less favorable terms for a home loan. Under Count One of the Complaint, the Plaintiff asks the Court for:

---

[1] Plaintiff's Amended Complaint was filed to cure certain pleading deficiencies in the initial adversary complaint.

> (a) compensatory damages, in the amount of $35,983.69 plus 9.75% interest; (b) alternatively, equitable relief, reforming the loan agreements for Loan 1 and Loan 2 to remove Plaintiff as co-signer and ordering that Plaintiff shall not be liable to Discover or to [Ms. Amer] for nonpayment of said loans or for any damages or injuries resulting from nonpayment; (c) punitive damages; (d) attorney's fees and costs; (e) exception to discharge pursuant to 11 U.S.C. § 523(a)(2) and (6); and (f) such other and further relief as the Court deems equitable and just.

*Doc. No. 10,* p. 9.

Count Two of the Complaint asserts "equitable fraud", and sets forth the same allegations as Count One. Under Count Two of the Complaint, the Plaintiff asks the Court for:

> (a) equitable relief, reforming the loan agreements for Loan 1 and Loan 2 to remove Plaintiff as co-signer and ordering that Plaintiff shall not be liable to Discover or to [Ms. Amer] for nonpayment of said loans or for any damages or injuries resulting from nonpayment; and (b) such other and further relief as the Court deems equitable and just.

*Doc. No. 10,* p. 11.

On July 17, 2015, Discover filed the Motion asserting that, <u>inter</u> <u>alia</u>, the Court lacks subject matter jurisdiction over this adversary proceeding. Thereafter, on August 4, 2015, the Debtor and Ms. Amer filed the Joinder. In addition to joining into Discover's Motion, the Joinder contends that the Plaintiff failed to state a claim under 11 U.S.C. § 523(a)(2)(A).

## DISCUSSION

### I.   *Plaintiff v. Discover*

In support of its Motion, Discover avers that this Court does not have subject matter jurisdiction. The Court agrees. A bankruptcy court's subject matter jurisdiction extends to four types of matters: (1) cases under Title 11; (2) proceedings arising under a case under Title 11;

(3) proceedings arising in a case under Title 11; and (4) proceedings related to a case under Title 11. Stoe v. Flaherty, 436 F.3d 209, 216 (3d Cir. 2006).

The instant adversary proceeding, as it pertains to Discover, does not fall under any of the first three categories. A case under Title 11 is merely the bankruptcy petition itself. A case that "arises under" Title 11 is one that "invokes a substantive right provided by Title 11." Id. Proceedings "arising in" a case under Title 11 have "no existence outside of the bankruptcy." Id. Examples of proceedings that "arise in" a bankruptcy include "administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." Id.

The issue before the Court is whether the adversary proceeding, as brought against Discover, is a matter "related to" the Debtor's bankruptcy case. The Third Circuit dictates that:

> [A] proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984); See also In re Federal–Mogul Global, Inc., 300 F.3d 368, 381 (3d Cir.2002) (noting that Pacor "clearly remains good law in this circuit" in this respect).

Stoe v. Flaherty, 436 F.3d at 216. The standard as set forth in Pacor is further defined as whether the outcome of the case "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997) (citations omitted).

The Plaintiff asserts that the adversary proceeding is related to the Debtor's bankruptcy case because "a nondischargeable judgment could conceivably affect the bankruptcy estate and Debtor's ability to make required plan payments." *Doc. No. 21,* p. 13. However, Discover cannot be subject to any judgment of non-dischargeability because Discover is not a debtor. Section 523(a) of the Bankruptcy Code states in pertinent part: "A discharge under section 727,

1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . ." 11 U.S.C. § 523(a). Since Discover is not a debtor, § 523 does not apply with respect to Discover, and the Plaintiff's proposition falls through.

The Plaintiff further asserts that this matter is related to the Debtor's bankruptcy because "recission or reformation of Loan 2 to remove [Plaintiff] as co-signer may trigger Discover Bank to accelerate the loan for lack of adequate security, precipitating a need for Debtor to financially support [Ms. Amer]." *Doc. No. 21*, p. 13. The Plaintiff's reasoning cannot be stretched to support such a result. A cause of action brought by a non-debtor co-signer (the Plaintiff) against a non-debtor bank (Discover), with respect to a loan held by another non-debtor (Ms. Amer), is in no way related to the Debtor's pending bankruptcy case.

The bankruptcy court in Matter of Tvorik, 83 B.R. 450 (Bankr. W.D. Mich. 1988) was faced with a similar issue. In Tvorik, the debtor's mother was a non-debtor guarantor on a mortgage given to certain non-debtor defendants. The guarantor brought a cause of action against these defendants in an attempt to nullify the guaranty and void the mortgage. The bankruptcy court applied the Sixth Circuit standard set forth in In re Salem Mortgage Co., 783 F.2d 626 (6th Cir. 1986) (adopting a broad interpretation of the bankruptcy court's jurisdiction, akin to the standard set forth by the Third Circuit in Pacor, supra), and dismissed the action holding it was not related to the bankruptcy case. Tvorik, 83 B.R. at 455-56.

In Matter of Pal Nissan, Inc., 126 B.R. 966 (Bankr. W.D. Mich. 1991), the court analyzed the Tvorik decision, stating, "[a] cause of action, by a nondebtor guarantor against another nondebtor seeking to void a guaranty . . . was a noncore, nonrelated matter. No subject matter jurisdiction existed because it was inconceivable that voiding the guaranty . . . would have any effect upon the administration of the bankruptcy estate." Pal Nissan, Inc., 126 B.R. at 972.

6

The facts in <u>Pal Nissan</u> are distinguishable from those in <u>Tvorik</u>, as well as those in the case at bar. In <u>Pal Nissan</u>, a creditor brought suit against the non-debtor principal, directors and shareholders of a corporation that had filed for Chapter 11 relief. <u>Id.</u> at 968. In that case, if the creditor were to prevail in its suit against the defendants, the creditor's allowed claim would be reduced, and in turn, other creditors would become entitled to receive a larger distribution from the bankruptcy estate. <u>Id.</u> at 972. Thus, the court held that the action brought by the creditor was a related proceeding over which the bankruptcy court had jurisdiction. <u>Id.</u> at 972.

Here, even if the Plaintiff prevailed against Discover, the Debtor's rights, liabilities, options, or freedom of action would remain unaffected. Dismissing Discover from the action has no cognizable effect on the Debtor's bankruptcy estate, pecuniary or otherwise. Therefore, the adversary proceeding against Discover is not related to the bankruptcy case, and the Motion is granted to dismiss Discover as a defendant.

### II.    *Plaintiff v. Ms. Amer*

For the same reasons as set forth above, the Court finds that the adversary proceeding as brought against Ms. Amer is not related to the Debtor's bankruptcy case. Like Discover, Ms. Amer is neither a debtor nor a creditor in the bankruptcy case. Rendering judgment for or against Ms. Amer would not have any conceivable impact on the administration of the Debtor's bankruptcy estate. Thus, the Court grants the Joinder to the extent that Ms. Amer is dismissed as a party to this adversary proceeding.

### III.    *Plaintiff v. Debtor*

As to the Debtor, at a minimum, the Court maintains related to jurisdiction over the dispute. Indeed, resolution of the dispute between the Plaintiff and the Debtor potentially impacts the Debtor's obligations and the administration of his bankruptcy estate.

7

Among the Plaintiff's claims against the Debtor is one for non-dischargeability under § 523(a)(2). In the Joinder, the Debtor attempts to dismiss this claim. While the Debtor failed to provide which procedural rule applies as the basis for dismissal, it is apparent to the Court that this is a request to dismiss under Fed.R.Civ.P. 12(c), made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed. "Where a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings alleges the plaintiff has failed to state a claim, the motion 'is treated under the same standards as a Rule 12(b)(6) motion.'" In re Tarragon Corp., 2012 WL 71597, at *2 (Bankr. D.N.J. Jan. 10, 2012) (citations omitted).

Rule 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Alleghany, 515 F.3d 224, 223 (3d Cir. 2008) (citations omitted). To survive a motion to dismiss, the complaint must have "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (citations omitted).

The Debtor argues that the Plaintiff has failed to establish the elements of § 523(a)(2)(A). Section 523(a)(2)(A) exempts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent it was obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's

financial condition." 11 U.S.C. § 523(a)(2)(A).    The Plaintiff has set forth sufficient factual

matter to satisfy the elements of § 523(a)(2).    That is, the Plaintiff has asserted that: (1) the

Debtor obtained a "service" through a misrepresentation to the Plaintiff; (2) the Debtor knew that

the statement was false when he told the Plaintiff that Loan 1 had not been processed; (3) the

Debtor intended to deceive the Plaintiff for the purposes of inducing the Plaintiff to co-sign

Loan 2; (4) the Plaintiff justifiably relied on the Debtor's statements since the Plaintiff and the

Debtor were friends for many years; and (5) the Plaintiff sustained damages, including a

damaged credit rating, reduced borrowing ability and less favorable terms for his home

mortgage, as a result of the Debtor's misrepresentations. See In re Bohn, 2015 WL 2415412, at

*5 (Bankr. D.N.J. May 19, 2015) (setting forth the elements of a claim under § 523(a)(2)(A)).

Accordingly, there is a set of circumstances under which the Plaintiff may prevail under §

523(a)(2)(A). Thus, the Debtor's Joinder seeking to dismiss the Plaintiff's § 523(a)(2) claim is

denied.

Moreover, as stated above, the adversary proceeding against the Debtor is related to the

bankruptcy estate.    Thus, the Debtor's request for dismissal of the adversary as a whole is

denied, to the extent that the Plaintiff shall be entitled to pursue his claims against the Debtor.

## CONCLUSION

For the reasons stated above, Discover's Motion is granted, to the extent that Discover is

dismissed from the instant adversary proceeding. The claims brought against Discover are not

related to the bankruptcy case, and therefore this Court does not have subject matter jurisdiction.

Likewise, the Court finds that the claims brought against Ms. Amer are not related to the

bankruptcy case. Therefore, the Joinder is granted in part, to the extent that it removes Ms. Amer

as a defendant. However, the claims brought against the Debtor are within this Court's subject

matter jurisdiction, since the outcome of the adversary proceeding could conceivably have an effect on the Debtor's bankruptcy estate. Moreover, the Plaintiff has alleged sufficient facts in the Complaint to survive the Debtor's request for dismissal for failure to state a claim. Thus, the Joinder is denied in part, to the extent that the Plaintiff may pursue its claims against the Debtor.

The Court will enter an appropriate order.

Dated:   September 8, 2015

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

10